Mr. B.E. Collins Arkansas Dept. of Correction Cummins Unit P.O. Box 500 Grady, AR 71644
Dear Mr. Collins:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the custodian of records at the Arkansas Department of Correction ("Department") to release your personnel and evaluation file to Mr. Tom Pitts is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA") codified at A.C.A. §§ 25-19-101 to -107 (1987 and Supp. 1995. You note that Mr. Pitts is a former employee of the Department who was terminated, and that he seeks the information in your personnel file to aid in the appeal of his termination. You question Mr. Pitts' motive for requesting the information and feel that if the information is necessary to his appeal, he may request access to it through the rules of discovery. If I determine that the records are releasable, you also ask me to advise you as to any appeal rights you may have.
I have not been provided with the actual records in question, and thus cannot make a conclusive determination as to their disclosability. I can, however, set out the proper tests to be used in making the determination as to whether these records are subject to inspection and copying.
The records at issue may be either "personnel records," or "employee evaluation and job performance records" under the FOIA. The tests to be employed with regard to each type of record are set out fully in Op. Att'y Gen. 96-281, a copy of which I have enclosed for your review. Briefly stated, "personnel records" are open to public inspection except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." See A.C.A. § 25-19-105(b)(10). The issue of what constitutes a "clearly unwarranted invasion of personal privacy" is discussed in Opinion 96-281. If there are portions of the "personnel records" the release of which would constitute a "clearly unwarranted invasion of personal privacy," those portions should be excised, and the remainder of the records released.
"Employee evaluation or job performance records," on the other hand, are generally closed to public inspection, except upon the occurrence of four events: 1) there has been a suspension or termination against the employee who is the subject of the records; 2) all administrative appeals of that employee's suspension or termination are final; 3) the records formed a basis for the suspension or termination; and 4) there is a compelling public interest in their disclosure. These elements are also more fully explained in Opinion 96-281.
In determining whether your "personnel records" are open for inspection and copying by Mr. Pitts, the Department should determine whether the release of any portion would constitute a "clearly unwarranted invasion of personal privacy." With regard to your "employee evaluation or job performance records," you have not indicated in your correspondence whether you were ever suspended or terminated. I assume that you have not been terminated, as you are still employed with the Department, but your correspondence does not reflect whether you were suspended. You do indicate that you were demoted. If you were neither suspended nor terminated, your "employee evaluation or job performance records" are closed to the public, and the Department should not release them. If, however, you were suspended, and all your administrative appeals of the suspension are final, and the records formed a basis for the suspension, and if there is a compelling public interest in their disclosure, the records should be released. (The compelling public interest test is explained more fully in Opinion 96-281.)
With regard to your allegations concerning Mr. Pitts' motive for requesting the records, I must note that the reason a requester seeks access to records under the FOIA is irrelevant. See Op. Att'y Gen. 92-289
and Watkins, The Arkansas Freedom of Information Act (mm Press, 2d Ed. 1994) at 66. If the record is a "public record" under the FOIA and is subject to no exception, it must be released to members of the public without regard to their motive for seeking access. Additionally, the FOIA is completely independent from the "discovery rules" applicable to litigants. It may be used in addition to, or in lieu of, the discovery rules. See generally, Watkins, supra, at 325-328.
Persons aggrieved by the actions of public entities with respect to the FOIA have a right to appeal to circuit court. This right is codified at A.C.A. § 25-19-107, a copy of which I have enclosed for your review.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh